**CITY TRUST COMPANY, Executor of the Will of Frederick A. Lockwood, Deceased, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 938, Docket 74-1036.**

United States Court of Appeals, Second Circuit.

Argued May 14, 1974.

Decided May 17, 1974.

Louis Ciccarello, Norwalk, Conn. (Lovejoy, Cuneo & Curtis, Norwalk, Conn., on the brief), for plaintiff-appellee.

Donald H. Olsen, Atty., Tax Div., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Garry R. Allen, Attys., Tax Div., Dept. of Justice, Washington, D. C., on the brief, Stewart Jones, U. S. Atty. for the District of Connecticut, of counsel), for defendant-appellant.

Before KAUFMAN, Chief Judge, and HAYS and OAKES, Circuit Judges.

IRVING R. KAUFMAN, Chief Judge:

The appeal before us presents the single, narrow question whether the remainder interest bequeathed to charity under the will of Frederick A. Lockwood, deceased, is an allowable, charitable deduction for estate tax purposes, 26 U.S.C. § 2055.[1] The court below[2] responded in the affirmative, and accordingly entered judgment for the taxpayer in the amount of $197,497.53. Since we find, however, that the language of the will provides no objective standard to govern the trustee's power to invade cor-

---

1. Since Lockwood died on May 21, 1966, we need not concern ourselves here with the substantial amendment of 26 U.S.C. § 2055 by the Tax Reform Act of 1969, 83 Stat. 560–561. As applicable to gifts and transfers made before December 31, 1969, Section 2055 stated in relevant part:

    (a) *In general.*—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devises, or transfers (including the interest which falls into any such bequest, legacy, devise, transfer, as a result of an irrevocable disclaimer of a bequest, legacy, devise, transfer, or power, if the disclaimer is made before the date prescribed for the filing of the estate tax return)

    ．    ．    ．    ．    ．

    (2) to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation;

    ．    ．    ．    ．    ．

2. This matter was initially heard by a United States Magistrate, who filed a memorandum decision on April 30, 1973. Judge Newman entered judgment on July 30, 1973.

pus for the benefit of Lockwood's widow, the life beneficiary, we reverse.

Lockwood died a resident of Norwalk, Connecticut on May 21, 1966. His will was admitted to probate in the Probate Court for the District of Norwalk, and appellee City Trust Company was duly qualified as executor. Article 3 of the will established a trust, the income from which was to benefit Lockwood's widow during her lifetime, and also to benefit his sister and certain relatives in the event his sister survived his widow. Upon the death of the survivor the trust was to cease, with fifty percent of the remainder to be paid to certain charities.[3]

During Mrs. Lockwood's life tenancy, the trustee could invade corpus for her benefit in accordance with the following provision of the will:

> My trustee may, in its absolute and unhampered discretion, pay so much of the principal of this trust as it may deem to be necessary for the proper care, comfort, welfare and *happiness* of my wife. It is my desire that my wife may occupy her own home and live in the manner to which she has been accustomed in our life together so long as she desires to do so, and that she shall have from my estate *at least* Five Hundred Dollars ($500.00) a month, from the date of my death, with payments to begin as soon after my death as is practicable, for her own personal spending money and *for whatever she may desire, after* the payment of all of her necessary expenses. I direct my executor and trustee to begin to make regular monthly payments to my wife on account of the income which is due or will become due to her as soon after my death as it is practicable to do so. (emphasis added)

■ The district court construed this language as establishing the widow's customary standard of living as an objective determinant to limit the trustee's power of invasion. To be sure, this standard finds mention, but that objectivity is totally lost among such subjective factors as provision for her "happiness," for "whatever she may desire," and for monthly payments of *"at least* $500.00 . . . *after* the payment of all of her necessary expenses." With a guideline so pregnant with subjective considerations, the size of the charitable bequest is simply not, as it must be for deductibility, "presently ascertainable."[4] *See* Henslee v. Union Planters National Bank & Trust Co., 335 U.S. 595, 69 S.Ct. 35, 93 L.Ed. 259 (1949); Merchants National Bank of Boston v. Comm'r., 320 U.S. 256, 64 S. Ct. 108, 88 L.Ed. 35 (1943); Treas. Reg. § 20.2055–2(a) (1958).[5] *And compare* Seubert v. Shaughnessy, 233 F.2d 134, 137 (2d Cir. 1956) *with* Hartford National Bank & Trust Co. v. United States, 467 F.2d 782, 785 (2d Cir. 1972). Thus, the language in issue, read in its entirety, makes clear that the decedent intended his trustee to prefer his wife's desires at all times over the needs of the charitable remaindermen.[6] Accordingly,

---

3. This amount was bequeathed to the following charities: The First Congregational Church on the Green, Norwalk, Connecticut (10%), Yale University (5%), Young Men's Christian Association of Norwalk (5%), Langdon Hubbard Memorial Hospital, Bad-axe, Michigan (10%), and The Norwalk Hospital Association, Inc. (20%). The balance of the remainder interest was to be paid to certain relatives.

4. It is well settled, moreover, that where, as here, subjective standards prevail, the fact that invasion may be remote because of a widow's frugality or her independent means, will not supply the saving grace. *See* Henslee v. Union Planters National Bank & Trust Co., 335 U.S. 595, 599, 69 S.Ct. 35, 93 L.Ed. 259 (1949); Seubert v. Shaughnessy, 233 F.2d 134, 138 (2d Cir. 1956).

5. Treas.Reg. § 20.2055–2(a) reads in pertinent part:

> *Remainders and similar interests.* If a trust is created or property is transferred for both a charitable and a private purpose, deduction may be taken of the value of the charitable beneficial interest only insofar as that interest is presently ascertainable, and hence severable from the noncharitable interest.

6. Connecticut law, of course, governs our construction of the will. And, City Trust maintains that the courts of Connecticut would restrict the exercise of the trustee's discretion to an objective standard in order

the taxpayer, we hold, can effectuate that wish only by foregoing its charitable deduction.

We note, finally, with some surprise, the Government's suggestion—an afterthought perhaps for it first appeared in the Government's reply brief —that we remand "for consideration whether taxpayer is entitled to an additional estate tax deduction for the legal expenses incurred by it in defending this appeal." Since the Government had earlier entered into a stipulation with taxpayer assuring the allowance of an estate tax deduction for reasonable attorney's fees "in connection with this litigation," we believe it is bound by this agreement. *See also* Treas.Reg. § 20.-2053–3(C)(2) (1958). The district court is instructed to retain jurisdiction to compute reasonable attorney's fees, in the event the parties are unable to agree on the sum.

to protect the interests of the remainderman. It is clear, however, that where the will establishes no such standard, the courts of Connecticut will not imply one. *See* Connecticut Bank and Trust Co. v. Lyman, 148 Conn. 273, 170 A.2d 130 (1961).